UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
_____ DIVISION

**PORFIRIO NEVADA MARTINEZ;**
**CARLOS ALBERTO MACIAS RAMIREZ;**
**and**
**Unnamed Class Participants**        )
                                      )        **Civil Action No. _____**
**v.**                                )
                                      )        **JURY TRIAL DEMANDED**
**WAEL AHMAD; ANNA GARCIA;**
**and AHMAD LAW OFFICE, PLLC**        )

*******

## COMPLAINT

COME NOW PLAINTIFFS, Porfirio Nevada Martinez, Carlos Alberto Macias Ramirez, and Unnamed Class Participants, by counsel, and on behalf of the class of similarly situated individuals, and file this Class Action Complaint against Defendants Wael Ahmad, Anna Garcia, and the Ahmad Law Office, PLLC and hereby state as follows:

I.    **PARTIES**

A.    **Class Action Representatives**

1.    The Plaintiff, PORFIRIO NEVADA MARTINEZ, is a resident of Fayette County, KY, and whose address for purposes of this lawsuit is the address of his attorneys.

2.     The Plaintiff, CARLOS ALBERTO MACIAS RAMIREZ, is a resident of Fayette County, KY, and whose address for purposes of this lawsuit is the address of his attorneys.

3.     Plaintiffs have no training or knowledge of complicated immigration laws and relied upon Defendants' representations, immigration experience, and express or implied warranties when deciding to engage them as counsel in immigration matters.

**B.     Defendants**

4.     Defendant, Ahmad Law Office, PLLC, ("Ahmad Law Office"), is registered as a Kentucky Professional Limited Liability Company whose principal place of business is 333 W. Vines St., Suite 400, Lexington, KY 40507.

5.     Defendant, Wael Ahmad, ("Ahmad"), is an individual resident of Fayette County, Kentucky, who may be served at 333 W. Vine St., Suite 400, Lexington, KY 40507.

6.     Defendant, Anna I. Garcia, ("Garcia"), currently resides in San Francisco, CA.  Her address for service of process is 785 Market Street, 16 Floor, San Francisco, CA 94103. She is currently licensed to practice law in Kentucky.

7.     These parties participated in a scheme as alleged in this Complaint while working at the Ahmad Law Office in Fayette County, KY.

**II.     JURISDICTION AND VENUE**

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1331, because this case arises from statutes of the United States.

9.     Venue in this District is proper pursuant to 28 U.S.C. Sec. 1391.

## III.   FACTS

10.    Ahmad Law Office offers a broad array of legal services including representation in immigration proceedings.

11.    Attorneys Wael Ahmad and Anna Garcia worked at the Ahmad Law Office where they directed and orchestrated the scheme to commit fraud and crimes alleged in this Complaint, as is fully set forth below.

12.    The individuals and organization listed herein directed their employees to prepare documents that were used to perpetuate the scheme to commit fraud and crimes alleged in this Complaint; to include but not necessarily limited to filing baseless applications for immigration benefits in violation of 26 U.S.C 1546.

### A.     Facts Relevant To The Proper Procedure For Adjudiction Of 42b Relief

13.    A removal process is initiated against an individual who allegedly does not have authorization to be present in the United States by virtue of the service of a Notice to Appear ("NTA" by the Department of Homeland Security ("DHS").  (A copy of the NTA issued to Carlos Macias-Ramirez is attached hereto as **EXHIBIT A**).

14.     Simultaneously therewith, or subsequent thereto, the alien will be notified

that he or she must appear before the Immigration Court to answer the charges contained in the

NTA.  This appearance is called a Master Calendar Hearing.  The Immigration Court is part of

the Executive Office of Immigration Review ("EOIR"), which is a division of the Department of

Justice.

15.     One of the defenses to removal from the United States is called Cancella-

tion of Removal, as set forth at§240A(b) of the Immigration and Immigration and Nationality

Act (INA), 8 U.S.C. § 1229b(b).  The conditions precedent to qualify for Cancellation of Re-

moval are:  1) the individual must have ten (10) years of continuous presence in the United

States prior to the issuance of the Notice to Appear in immigration proceedings; 2) the individual

must have a spouse, parent, child who is a United States Citizen or lawful permanent resident;

and 3) that spouse, parent or child (hereafter "qualifying relative") will suffer extreme and ex-

traordinary hardship if said alien is removed from the United States.

16.     After receiving the NTA, an alien may apply for the relief of Cancellation

of Removal by filing an EOIR Form 42B (hereafter "42B").  (A blank copy of said form with the

filing instructions is attached hereto as **EXHIBIT B**).

17.     Filing the 42B is a two step process.  First, the applicant files the 42B with

a filing fee, payable to the Department of Homeland Security, with the United States Customs

and Immigration Services ("USCIS") pursuant to 8 C.F.R. § 103.7(b).  USCIS will generate a

receipt showing that the 42B has been filed and paid for (hereafter "USCIS 42B filing fee receipt"). Simultaneous with the filing of the 42B with the USCIS, a copy is to be served upon District Counsel for the Department of Homeland Security. The applicant is then required to file the application with the U.S. Immigration Court. 8 C.F.R. § 1240.11(a).

18.     The 42B contains an attestation where the preparer is required to attest that:

> *I declare that I have prepared this application at the request of the person named in Part 1, that the responses are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in a language the applicant speaks fluently for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form EOIR-42B may subject me to civil penalties under 8 U.S.C. 1324c.*

19.     The 42B also contains a Certificate of Service whereby counsel must attest that he or she served a copy of said form upon the Assistant Counsel for DHS. The Assistant Counsel for the DHS represents the United States in the case.

20.     It is not the duty of the USCIS to inform the Immigration Court when a 42B has been filed and the filing fee paid. Rather, it is the obligation of the applicant, by and through counsel, to apprise the Court that 42B relief will be sought and to file the original form with the Immigration Court and to serve a copy upon DHS counsel.

21.     At the Master Calendar Hearing - which is akin to an arraignment - the Court apprises the alien of the charge of removability, asks the alien if he or she contests the charge of removability, and/or if counsel will be asserting any form of relief, such as 42B.

22.     It is the duty of counsel to have his or her client present for the Master Calendar hearing, unless said client is excused by the Court.

23.     If the Court is apprised at the Master Calendar hearing that an alien is eligible for relief such as 42B, then the Court will inform Counsel and/or the alien of filing requirements and will set the case for a hearing to adjudicate the request for the relief - called a "Merits Hearing."

24.     If the Immigration Judge grants the relief of Cancellation of Removal, then the alien will be afforded Lawful Permanent Residency.  INA § 240A(b) and 8 C.F.R. §§ 1240.11(a).   If the application for the relief is denied, then the individual will be ordered removed unless said individual has requested and is granted another form of relief.

25.     An alien who has a colorable claim for the relief for Cancellation of Removal as set forth above in paragraph 15, and who has obtained proof of that he or she filed the 42B with the USCIS is eligible to apply for authorization to enable the individual to work lawfully in the United States (hereafter "Employment Authorization").  8 C.F.R. §274a.12(c)(8).

26.     The USCIS 42B filing fee receipt is the document that enables the individual to file for Employment Authorization.  The procedure to obtain Employment Authoriza-

tion in conjunction with a lawfully filed 42B is to file the Application for Employment Authorization, USCIS Form I-765 with a copy of USCIS 42B filing fee receipt with the USCIS.

27.     Subsequently, the alien will be scheduled for an appointment to have fingerprints taken and will be issued an Employment Authorization Document (hereafter "EAD"). The EAD can then be taken to the Social Security Administration to obtain a Social Security Number and to the Department of Motor Vehicles to obtain a drivers license.

**B.      Facts Relevant To Defendants' Scheme To Unlawfully Obtain Immigration Benefits**

28.     Ahmad and Garcia, through the Ahmad Law Office, knowingly filed 42B applications for the specific purpose of obtaining Employment Authorization Documents which had no basis in law or fact knowing that individuals were otherwise ineligible for Cancellation of Removal.

29.     The Defendants prepared, presented and paid the fee on behalf of clients to the USCIS for 42B applications for the Plaintiffs with knowledge that said Plaintiffs did not qualify for the benefit of Cancellation of Removal.

30.     The Defendants prepared and filed applications for employment authorization for and on behalf of the Plaintiffs with knowledge that a 42B had not, and would not, be filed with the Court due to the fact that the Plaintiffs did not qualify for said relief.

31.     Plaintiffs paid the Defendants substantial sums to file these forms, without knowing that they were not entitled to the benefits of a properly supported and filed 42B.

## IV.  CLASS ACTION ALLEGATIONS

32.  Plaintiffs sue on behalf of themselves and seek to represent a class composed of similarly situated clients of the Defendants who paid fees to the Defendants who, unbeknownst to Plaintiffs would file petitions to the USCIC and applications for Employment Authorizations premised upon the baseless 42Bs, all without the knowledge that they should not have obtained said benefits.

33.  The class would be comprised of all current and former clients of the Defendants for whom baseless 42Bs had been filed on their behalf by the Defendants.

34.  The primary class members will be readily identifiable through documents that are contained in the files of the Defendants, with the USCIS, and with the Immigration Court in Memphis, Tennessee.  The class can be identified by a report that compares all clients for whom a 42B was filed only with the USCIS to clients who had a 42B filed with the USCIS and the Immigration Court.

35.  Upon information and belief, there are hundreds individuals of who have been damaged by the Defendants' conduct, such that the members of the class are so numerous as to render joinder impracticable.

36.  Additionally, upon information and belief, joinder is impracticable because many members of the class are low-income persons for whom English is a second language, with limited access to resources and counsel, who may have already been voluntarily or involuntarily re-

moved from the United States, and who would have difficulty in pursuing their rights individually.

37.     The questions of law and fact common to the class include that the class members have common rights not to be subject to predatory, false, and criminal immigration practices by the Defendant attorneys.

38.     The named Plaintiffs are adequate representatives of the class because the violations of law alleged by the named Plaintiffs stem from the same course of conduct by Defendants, including but not necessary limited to, breach of fiduciary duty, fraudulent inducement, immigration fraud and misuse punishable by fines and incarceration under 26 U.S.C. § 1546(a), and the Class Representatives and all putative Plaintiffs have suffered damage to their property by paying fees for services that should not have been provided and which constitute criminal acts and will have to suffer professional fees incurred to rectify said problems.

39.     Based upon information and relief, the Defendants continue to perpetuate the scheme described herein by: 1) filing 42Bs for individuals who Defendants know do not qualify for said relief; and 2) filing for EADs on the basis of said 42Bs.  The legal theory under which the named Plaintiffs seek relief is the same or similar to that on which the class will rely.

40.     The harm suffered by the named Plaintiffs is typical of the harm suffered by the class members.

41.    The named Plaintiffs have the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the class.

42.    Attached as **EXHIBIT C** is a copy of the 42B that was prepared, signed, filed and/or presented to the Department of Homeland Security by the Defendants on behalf of Mr. Naveda-Martinez (hereafter "Naveda 42B").

43.    Part 2, on page 1 of the Naveda 42B, shows that Mr. Naveda did not check any of the boxes that would indicate extreme and extraordinary hardship to a qualifying family member that would have served as a basis to claim the benefit of Cancellation of Removal.

44.    The Defendants would have known that Mr. Naveda-Martinez was not eligible for the benefit if he could not check hardship to one of the family members listed in Part 2 of the 42B.

45.    Attached as **EXHIBIT D** are the receipt notice for the 42B filed on behalf of Mr. Carlos Alberto Macias Ramirez, a copy of an EAD issued to him, and an affidavit from Mr. Macias Ramirez stating that he entered the United States in 2005 and that he was not aware that he was not eligible for Cancellation of Removal at the time the application for said benefit was filed by the Ahmad Law Office.

46.    Plaintiffs paid for the service of having said applications prepared and were not aware that they were not entitled to the benefits, but as a result of Defendants' conduct received

one or more Employment Authorization cards in conjunction with the 42Bs that were filed by the Defendants.

47.     The Plaintiffs are represented by attorneys experienced in same or similar matters who have the resources, expertise and experience to prosecute this action and counsel for the Plaintiffs know of no conflicts among members of the class or between Plaintiffs' counsel and members of the class.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a) the prosecution of hundreds or thousands of separate actions would be inefficient and wasteful of legal resources; (b) the members of the class may be scattered throughout Kentucky, the U.S. and other countries, and are not likely to be able to vindicate and enforce their constitutional and statutory rights unless this action is maintained as a class action; (c) the issues raised can be more fairly and efficiently resolved in the context of a single class action than piecemeal in many separate actions; (d) the resolution of litigation in a single forum will avoid the danger and resultant confusion of possible inconsistent determinations; (e) the prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individuals pursuing claims against the Defendants which would establish incompatible standards of conduct for Defendants; (f) Defendants have acted and will act on grounds applicable to all class members, making final declaratory and injunctive relief on behalf of all members necessary and appropriate; and (g) questions of law and/or fact common to

members of the class especially on issues of liability predominate over any question, such as that of individual damages, that affect individual members.

49.     The Plaintiffs' class seeks a declaration that the Defendants terminate its practice of filing the meritless 42Bs and Employment Authorizations based upon said 42Bs and charging clients for said immigration services.

## COUNT I

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") VIOLATIONS

**A.      Defendants Have Engaged in a Pattern of Racketeering Activity.**

50.     Plaintiffs re-allege the statements made in paragraphs 1 through 49 above.

51.     Defendants are engaged in an ongoing pattern of racketeering activity as defined by 18 U.S.C. §1961(5).

52.     The federal RICO pattern of racketeering activity engaged in by Defendants consists of more than two acts of racketeering activity, the most recent of which occurred within ten years after the commission of a prior act of racketeering activity.

53.     Specifically, for purposes of federal RICO, the racketeering activity includes an open and ongoing pattern of violations of 26 U.S.C. § 1546(a), which makes it a federal crime to knowingly present any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact.

54.     Defendants knowingly presented 42Bs to the Department of Homeland Security's Texas Service Center for individuals who Defendants knew did not have the requisite minimum years of presence or qualifying family members and did so with full knowledge that the applications did not have any reasonable basis in law or fact.

55.     Defendants filed the baseless 42B applications for the specific purpose of obtaining a USCIS 42B filing fee receipt that would enable them to apply on behalf of their clients for Employment Authorization.  In some cases, the Defendants used the fact that the 42B had been filed at the Texas Service Center to apply for multiple Employment Authorization documents.

56.     Specifically, for purposes of federal RICO, the racketeering activity includes an open and ongoing conspiracy by the Defendants commit the offenses outlined above, in violation of 18 U.S.C. § 371.

57.     Defendants have violated 18 U.S.C. § 371 by knowing and repetitively conspiring with individuals within its office to commit offenses against the United States and the agencies thereof, whereupon each of the Defendants has acted and continues to act in furtherance of the practice to obtain immigration benefits for clients who are not entitled to such benefits.

**B.     The Acts of Racketeering Activity Committed by Defendants are Related.**

58.     The acts of racketeering activity committed by the Defendants have the same or similar methods of commission in that they involve the knowing and purposeful filing

by Defendants, on behalf of their clients, baseless applications for immigration benefits and the implementation of a strategy to conceal from the Immigration Court that said benefits had been filed.

**C.    The Acts of Racketeering Activity Committed by Defendants Involve a Distinct Threat of Long-Term Racketeering Activity.**

59.    Defendants' acts of racketeering activity involve a distinct threat of long-term racketeering activity.

60.    Defendants hold themselves out to the community as a knowledgeable Immigration Law Firm, possessing the skills and knowledge to assist clients in removal proceedings and before the USCIS.

61.    The Defendants maintained control over individual class members, sometimes for many years, during the pendency of said cases during which time they would file for multiple EADs, knowing that the clients were not eligible for the underlying relief that formed the basis to apply for the EAD.

62.    It is unknown how long the Defendants have been perpetuating the scheme described herein.

**D.    Defendants' Enterprise.**

63.    At all times relevant to the incidents of this Complaint, there existed within the Eastern District of Kentucky, and elsewhere, an organization that constituted an enterprise, as defined by 18 U.S.C. § 1961(4), to wit: a group of individuals associated in fact, in that they

operate and operated under the business know as Ahmad Law Office, which engages and engaged in, and the activities of which affected, interstate and foreign commerce.

64.     The individuals and entities involved in the enterprise are Wael Ahmad, Anna Garcia, and the Ahmad Law Office.

65.     The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise; namely, filing immigration applications that have no basis in law or fact as alleged in this Complaint for the purpose of generating profits for the Defendants.

**E.     Violation of 18 U.S.C. §1962(c).**

66.     The foregoing conduct constitutes a violation of 18 U.S.C. § 1962(c) in that Defendants Ahmad, Garcia and their employees participated and directed an ongoing pattern of baseless and fraudulent immigration filings in violation of 26 § U.S.C. 1546 through their enterprise of Ahmad Law Office to the detriment of their clients, the United States, and the Immigration Court.

67.     The Plaintiffs have been directly injured by reason of Defendants' violations of 18 U.S.C. § 1962(c) by paying attorney fees that should not have been paid for applications that should never have been filed to the Defendants and attorney fees to lawyers that took over the Defendants' cases after being discharged by the Defendants.

68.     Pursuant to 18 U.S.C. § 1964(c), Plaintiffs are entitled to recover threefold the damages they sustained along with the cost of suit, including reasonable attorney's fees.

## COUNT II

## FRAUD

69.     Plaintiffs re-allege the statements made in paragraphs 1 through 68 above.

70.     The Defendants represented to members of the class: 1) that they were eligible for the benefits relating to an Application for Cancellation of Removal; 2) that the Application for Cancellation of Removal, Form 42B, was being lawfully being filed as it had a basis in law or fact; 3) that the clients where entitled to obtain an employment authorization based upon the lawful activities of the Defendants.

71.     One or more of the representations made in paragraph 70 were false and known to be false or recklessly made by the Defendants.

72.     Specifically with regard to Plaintiff Mr. Naveda-Martinez, the Defendants:

i)      Represented to him at the time of engagement of the Ahmad Law Office as his legal counsel in September of 2012 that he was eligible to file an Application for Cancellation of Removal and to obtain Employment Authorization because of said application, when in fact Mr. Naveda-Martinez was not eligible to file for Cancellation of Removal, and Defendants had full knowledge that he did not qualify for Cancellation of Removal at the time of the filing. See Naveda 42B.

ii)    In September 2012 the Defendants prepared, executed and filed a 42B with the DHS on behalf of Mr. Naveda-Martinez with full knowledge that said application had no basis in law or fact; and

iii)    Defendants fraudulently induced Mr. Naveda-Martinez to sign said 42B and subsequent applications for Employment Application that were filed on September 14, 2012 and December 2013 by representing to Mr. Naveda-Martinez that he was eligible for said immigration benefits.

73.    Specifically with regard to Mr. Macias Ramirez, the Defendants:

i)    Misrepresented to him at the time of engagement of the Ahmad Law Office as his legal counsel in July of 2013 that he had a lawful basis to obtain Employment Authorization.  (Attached as **EXHIBIT E** is a receipt from the Ahmad Law Office noting charges for "Application for Employment Authorization Only").

ii)    In October or November 2013, the Defendants prepared, executed and filed a 42B with the DHS on behalf of Mr. Macias Ramirez with full knowledge that he did not have the required 10 years to qualify for Cancellation of Removal.

74.    Defendants engaged in such activities for the specific purpose of earning legal fees that they should not have received.

75. Defendants know that the members of the class were vulnerable in that they often spoke little or no English, had little education, and were desperate for the ability to work lawfully in the United States and have drivers licenses.

76. Members of the class acted in reliance on one or more of the representations made by Defendants, which caused them to execute documents that could expose them to civil and criminal liability and pay fees to Defendants to prepare and file the documents with the U.S. government.

77. Upon information and belief, Members of the class would not have paid for the services relating to representation in removal proceedings and the preparation and filing of the 42B and applications for Employment Authorization had they know they were not entitled to the benefits, that the applications for 42B were baseless claims that could subject them to civil and criminal liability, and/or that the Defendants had no intention of prosecuting the defense of Cancellation of Removal or even putting the Immigration Court on notice, as required by law, that an application for Cancellation of Removal had been filed with the Texas Service Center.

78. The Plaintiffs and this putative class have been injured in that they paid for services to obtain benefits that they were not entitled to receive, and thus were made unwilling participants in a scheme to file potentially criminal immigration applications.

## COUNT III

### BREACH OF FIDUCIARY DUTY

79.     Plaintiffs re-allege the statements made in paragraphs 1 through 78 above.

80.     Defendants owed their clients a fiduciary duty to act in their clients' best interests in representing them in immigration proceedings.  Defendants breached their duty to their clients by preparing and submitting applications for immigration benefits that the clients were not eligible to receive, all the while concealing the fact that said applications had been filed with the US-CIS from the Immigration Court.

81.     All of Defendants actions resulted in revenue and profits to Defendants at the expense of their clients, to whom they owed a duty.

82.     Defendants breach of their fiduciary duties proximately caused damages to their clients comprising this putative class, and said damages that are in excess of the jurisdictional amount of this Court.

## COUNT IV

### VIOLATIONS OF KENTUCKY CONSUMER PROTECTION ACT

83.     Plaintiffs re-allege the statements made in paragraphs 1 through 82 above.

84.     Defendants violated Kentucky's Consumer Protection Act, KRS §367.170, which provides that actual damages and equitable relief may be awarded for trade practices that are unfair, unconscionable, false, misleading, or deceptive.

85.     The Defendants' practice of selling the legal service of filing baseless applications for Cancellation of Removal for the purpose of obtaining Employment Authorizations for their clients with the knowledge that their clients were not aware that they did not qualify to file said applications or to receive the applied for immigration benefits constitutes unfair, false, and/or deceptive acts and/or practices as defined by KRS §367.170.

86.     As a direct result of these violations, Defendants are liable to Plaintiffs, in tort, for compensatory damages, including punitive damages, pursuant to KRS §446.070 and attorneys' fees pursuant to KRS §367.220(3).

87.     Pursuant to KRS §367.220(2), Plaintiffs request the Clerk of the Court mail a copy of this Complaint to the Kentucky Attorney General.

## COUNT V

## UNJUST ENRICHMENT AND QUANTUM MERIUT

88.     Plaintiffs re-allege the statements made in paragraphs 1 through 87 above.

89.     The Defendants charged and obtained payment for filings of 42Bs and Employment Authorizations that should never been filed on behalf of the class.

90.     The members of the class relied upon the Defendants status as licensed attorneys and employees in a law firm in paying for and signing said Applications.

91.     The Defendants earned substantial sums of money from the members of the class by filing the applications that had no basis in law or fact in violation of the law and to the detri-

ment of their clients and Defendants should not be permitted to keep any fees associated with the representation of said clients in any immigrations proceedings where 42Bs that had no basis in fact or law were filed for clients.

## PUNITIVE DAMAGES

92.     Plaintiffs re-allege the statements made in paragraphs 1 through 91 above.

93.     Defendants acted intentionally and recklessly in co-opting their clients to file the baseless immigration forms.

94.     Defendants breached their duties, including their fiduciary duties, and committed gross negligence by not using even slight care in protecting their clients, including the Plaintiffs, from injury, and in fact placed them in danger. In committing these actions, Defendants acted in wanton or reckless disregard for the interests of the Plaintiffs.

95.     As a result of Defendants' gross negligence, Plaintiffs suffered damages and are entitled to recover punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiffs request as follows:

1.     Judgment be entered in their behalf against Defendants;

2.     That the named Plaintiffs, individually and on behalf of the class, be awarded such general, special and punitive damages as are proved at trial;

3.     That named Plaintiffs, individually and on behalf of the class, be awarded reasonable attorneys' fees and costs incurred in prosecuting this action;

4.    That the Defendants be enjoined from continuing to engage in the scheme that is the basis of this Complaint;

5.    That named Plaintiffs, individually and on behalf of the class, be awarded pre-judgment and post-judgment interest in the maximum amount allowed by law;

6.    That the Court award such other and further relief as it deems just and equitable under the circumstances; and

7.    Trial by jury.

VERIFICATIONS

I, PORFIRIO NAVEDA MARTINEZ, have reviewed the Complaint, and confirm that I believe the allegations of which I have personal knowledge to be true.

_Porfirio Naveda Mtz_
PORFILIO NAVEDA MARTINEZ

FAYETTE COUNTY                    )
COMMONWEALTH OF KENTUCKY          )

This document was sworn to and signed before me by Porfilio Naveda Martinez this _12_

day of _Aug_____, 2015.

My commission expires: _8 / 31 / 16_

NOTARY PUBLIC

Minerva R Castillo
Notary ID 473951
My Commission Exp: 08/31/16

I, CARLOS ALBERTO MACIAS RAMIREZ, have reviewed the Complaint, and

confirm that I believe the allegations of which I have personal knowledge to be true.

_CARLOS A. MACIAS_

CARLOS ALBERTO MACIAS RAMIREZ

FAYETTE COUNTY                                    )
COMMONWEALTH OF KENTUCKY          )

This document was sworn to and signed before me by Carlos Alberto Macias Ramirez
this _14_ day of _Aug._, 2015.

My commission expires: _8.31.16_

_____
NOTARY PUBLIC

Minerva R Casillo
Notary ID 473951
My Commission Exp: 08/31/16

Respectfully Submitted,

/s/ Samuel C. Rock
Samuel C. Rock, Esq.
ROCK LAW GROUP, PLC
PO Box 12618
Lexington, KY 40583
T. (859) 259-1000
F. (866) 316-3588
sam@rocklawgroup.com
KBA# 86548

/s/ Christina R. L. Norris
Christina R. L. Norris, Esq.
Christina R. L. Norris, PSC
6013 Brownsboro Park Blvd., Ste. B
Louisville, KY 40207
T. (502) 899-4755

F. (502) 899-4757
Christina@norrislawky.com
KBA #81715


/s/ C. Dean Furman
C. Dean Furman, Esq.
FURMAN &NILSEN, PLLC
2527 Nelson Miller Pkwy, Suite 101
Louisville, KY 40223
T. (502) 245-8883
F. (502) 244-8383
dean@lawdean.com
KBA# 84867

*Co-Counsel for Plaintiffs, Porfirio Nevada Martinez, Carlos Alberto Macias Ramirez; and, Unnamed Class Participants*